UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| MARY P. HICKEY, | ) |
|---|---|
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:16CV184 SNLJ |
| | ) |
| SOUTHWESTERN BELL | ) |
| TELEPHONE CO., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

This matter is before the Court on plaintiff's motion for extension of time in which to serve her expert report on damages (#52) and motion for leave to designate plaintiff's expert witness on damages (#33).

Plaintiff served her Rule 26 disclosures in October 2016. But she advised defendant that she had not yet calculated her damages, but she stated that she would supplement. Defendant served discovery requests on plaintiff. On February 6, plaintiff responded to defendant's interrogatory about damages and stated that she would retain an expert to opine on damages and would supplement the answer to that interrogatory after discovery was complete. She also stated she would supplement her response when she identified her expert. Defendant responded in a letter and advised plaintiff that the deadline for expert identification was December 30, 2016 and requested a complete response to the interrogatories.

1

On March 21, plaintiff supplemented her responses and advised she planned to employ damages expert Rebecca Summary and provide a calculation of damages after discovery was complete.

Plaintiff served her own discovery requests on defendant on March 31, 2017. The discovery deadline was May 9; defendant asked for and plaintiff agreed to an extension for defendant's response. Plaintiff filed her motion for leave to designate her expert out of time on May 24, 2017, before defendant had responded to her discovery requests. Defendant served its responses and over 5,000 pages of documents on plaintiff on June 14.

Plaintiff says she needs more time to submit her expert report and contends there will be no prejudice to defendant. Defendant says it is prejudiced because it has already taken plaintiff's deposition; further, defendant says that if plaintiff's motion is granted, discovery would have to be reopened and deadlines and the trial date extended.

The Court will grant plaintiff's motion. Although both parties may require additional time to complete discovery, the volume of documents served on plaintiff would likely have required plaintiff to seek extensions of the discovery deadline even if plaintiff had made her requests months earlier. The Court will freely give reasonable extensions to remaining deadlines and advises the parties to work together to propose a new schedule to the Court.

Thus, the parties should propose a date by which plaintiff's expert can submit her report on damages, any relevant deadlines for defendant's rebuttal expert(s), and any other changes to the Case Management Order by July 12, 2017.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to designate plaintiff's expert witness on damages (#33) is GRANTED.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time in which to serve her expert report on damages (#52) is GRANTED.

**IT IS FINALLY ORDERED** that the parties shall propose a new schedule for the parties' service of expert reports and any other changes to the Case Management Order by July 12, 2017.

Dated this 29th day of June, 2017.

_/s/ Stephen N. Limbaugh, Jr._
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE